**NOT FOR PUBLICATION**

FILED

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10092 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00237-JAM-1 |
| v. | |
| ANTHONY LAZZARINO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 13, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,[***]
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Defendant Anthony Lazzarino appeals his jury conviction for health care fraud in violation of 18 U.S.C. § 1347 and conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

Lazzarino challenges the district court's denial of his motion to sever, in part on Confrontation Clause grounds. We review the denial of a motion to sever for abuse of discretion and an alleged Confrontation Clause violation de novo. *United States v. Mikhel*, 889 F.3d 1003, 1043, 1046 (9th Cir. 2018).

The district court properly exercised its discretion in denying Lazzarino's motion to sever.[1] Any disproportionate focus of witness testimony on co-defendant Peter Wong's culpability was not "so manifestly prejudicial as to require the court to order a separate trial." *United States v. Sherlock*, 962 F.2d 1349, 1362 (9th Cir. 1989); *see United States v. Monks*, 774 F.2d 945, 948-49 (9th Cir. 1985) ("[A] defendant is not entitled to a severance merely because the evidence against a codefendant is more damaging than the evidence against him."). The introduction of Wong's out-of-court statements to law enforcement did not violate *Bruton v. United States*, 391 U.S. 123 (1968), because the statements made no mention of

---

[1] We assume without deciding that Lazzarino did not waive his severance arguments.

Lazzarino–even as an anonymous collaborator. *See Gray v. Maryland*, 523 U.S. 185, 195-96 (1998); *Mikhel*, 889 F.3d at 1044. The district court's repeated instructions to the jury to consider each defendant's guilt or innocence separately and not to consider Wong's statements against Lazzarino were sufficient to prevent any potential prejudice to Lazzarino from the joint trial. *See United States v. Decoud*, 456 F.3d 996, 1008-09 (9th Cir. 2006). The jury's entry of different special verdicts as to false statements made by each defendant confirms that it followed the court's instructions.[2] *See United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992).

**AFFIRMED.**

---

[2] We decline to consider Lazzarino's argument, raised for the first time in his reply brief, that the introduction of patient testimony that would have been inadmissible in a separate trial prejudiced him. *See Barnes v. Fed. Aviation Admin.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017). We likewise decline to consider his argument that the weakness of the evidence against him demonstrates he was deprived of the right to have his guilt or innocence evaluated under a "beyond a reasonable doubt" standard. *Id.*